UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAYMOND COLLINS,

                        Plaintiff,

   v.                                                          Case No. 20-cv-521-pp

STATE OF WISCONSIN, *et al.*,

                        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 23)**

On October 29, 2020, the court screened the plaintiff's amended complaint and addressed his various motions for temporary restraining orders and injunctive relief. Dkt. No. 21. The court found that the plaintiff had failed to state a claim upon which a federal court can grant relief. Id. at 14. The court noted that, under Heck v. Humphrey, 512 U.S. 477 (1994), the plaintiff could not bring his claims seeking damages for violations of his civil rights under 42 U.S.C. §1983 in federal court until he had proven "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." Id. at 11 (citations omitted).

The plaintiff since has filed a document he titled "Motion for Reconsideration Fed. R. Civ. P. 15(d)." Dkt. No. 23. Along with this motion, he filed a document titled "Summons Supplemental Civil Complaint." Dkt. No. 23-1. The motion alleges that the court "got it wrong in the rush to judgment." Dkt. No. 23 at 1. It says that the plaintiff offers a "supplement civil complaint"

to "offer better factors for reconsideration" to show that his claims are plausible on their face. Id. The plaintiff insists that he is not attacking the fact or length of his confinement. Id. at 1-2. He says that he is "simply attacking the well know fact" that the defendants never gave him a revocation hearing. Id. at 2. He says that because he did not get a revocation hearing, "the illegal conviction and sentence the . . . defendants are hiding behind is meritless and groundless." Id. He says that his conviction and sentence can't be legal because he did not get a legal revocation hearing. Id. The motion then reiterates the plaintiff's arguments about how the defendants denied him a revocation hearing. Id. at 2-4.

The rule the plaintiff cites does not entitle him to the relief he requests. Fed. R. Civ. P. 15(d) allows a court, "on just terms, [to] permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." There is no original complaint for the plaintiff to supplement, because the court dismissed the complaint and thus, the case. The "supplement civil complaint" the plaintiff filed along with his motion does not describe transactions, occurrences or events that happened after the events described in the original complaint. Dkt. No. 23-1 at 1. The document contains a summons addressed to the defendants, a notice of lien and a legal notice and memorandum to Department of Corrections Secretary Kevin Carr, accusing Carr of denying the plaintiff a revocation hearing. Id. The document contains a threat that if Carr does not "get [the plaintiff's] discharge paper work together and discharge [the plaintiff]," [Carr] will receive a phone call "from certain senator telling [Carr] to step down from [Carr's] position." Id. at 6. This is not a supplemental complaint. It does not provide any reason for the court to reconsider its decision to dismiss the

2

plaintiff's case.

Fed. R. Civ. P. 15(a) governs amended complaints. Perhaps the plaintiff meant to ask the court to allow him to amend his complaint. But again, the court has dismissed the case, so there is no complaint for the court to allow the plaintiff to amend. Once the court has entered a final judgment, "the 'plaintiff may amend his complaint only after successfully moving to vacate or set aside a judgment under Federal Rule of Civil Procedure 59(e) or 60(b).' Tavar v. Sharp, 500 F. App'x 542, 543 (7th Cir. 2013) (citations omitted)." Hamilton v. Ferstl, No. 18-cv-47-pp, 2020 WL 4057372, at *1 (E.D. Wis. July 20, 2020).

"[T]he Federal Rules of Civil Procedure do not expressly recognize a motion to reconsider.'" United States v. Roth, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. April 19, 2010). Courts in the Seventh Circuit, however, generally apply the standards of Rule 59(e) or Rule 60(b) to such motions. Washington Frontier League Baseball, LLC v. Zimmerman, No. 14-cv-1862-TWP-DML, 2016 WL 4799899, at *1 (S.D. Ind. Sept. 14, 2016). Rule 59(e) allows a court to alter or amend a judgment inf the party files the motion "no later than 28 days after the entry of judgment." Rule 60(b) is available where a movant files within a "reasonable amount of time" after final order and judgment. Here, the plaintiff filed his motion to reconsider eleven days after the court entered the judgment; both Rule 59(e) and Rule 60(b) are available avenues of relief.

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Rule 60(b) allows a party to seek relief from an "order" for any of six

3

enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" Bilek v. Am. Home Mortg. Servicing, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (quoting Oto v. Metro. Life. Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). "Newly discovered evidence" is evidence that was "not available at the time of briefing." Katz-Crank v. Haskett, No. 1:13-cv-00159-TWP-DML, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). Such a motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to [the decision to be reconsidered]." Woods v. Resnick, 725 F. Supp. 2d 809, 825 (W.D. Wis. July 16, 2010) (quoting United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010)).

The plaintiff has not demonstrated that the court committed a manifest error of law or fact that warrants altering or amending the judgment under Fed. R. Civ. P. 59(e). While the plaintiff says that he is not attacking the fact or length of his revocation and sentence, he then argues over and over again that that revocation and sentence are illegal because he did not receive a revocation hearing. Nothing that the plaintiff presents in this motion changes the fact that

4

if the court were to rule in the plaintiff's favor, that ruling would invalidate his revocation and the resulting sentence—the outcome barred by <u>Heck v. Humphrey</u>. Nor has the plaintiff provided the court with any newly discovered evidence. He makes the same arguments he made in his previous briefs—he simply tries to word them in different ways in the hope of convincing the court. This is the "rehashing previously rejected arguments" that is not allowed under Rule 59(e) or Rule 60(b). The plaintiff has not identified any mistake, excusable neglect, surprise or fraud. The court has no basis for reconsidering its conclusion that the plaintiff's claims are <u>Heck</u>-barred; the plaintiff's arguments in this motion only confirm that the court's conclusion was the correct one.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 23.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2021.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**