UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAYMOND COLLINS,

    Plaintiff,

v.                                                                         Case No. 20-cv-521-pp

STATE OF WISCONSIN, *et al.*,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 25) AND DENYING PLAINTIFF'S MOTION FOR NEWLY DISCOVERED EVIDENCE (DKT NO. 26)**

On October 29, 2020, the court screened the plaintiff's amended complaint and addressed his motions for temporary restraining orders and injunctive relief. Dkt. No. 21. The court found that the amended complaint failed to state a claim upon which a federal court can grant relief. Id. at 14. The court noted that the plaintiff's claims for damages for violations of his civil rights under 42 U.S.C. §1983 were barred under Heck v. Humphrey, 512 U.S. 477 (1994) until the plaintiff has proven "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." Id. at 11 (citations omitted).

On November 2, 2020, the plaintiff filed a motion for reconsideration under Fed. R. Civ. P. 15(d). Dkt. No. 23. The court denied that motion on February 3, 2021, finding that the plaintiff had raised the same arguments he

1

had raised in his previous briefs and had not identified any mistake, excusable neglect, surprise or fraud that would give the court a basis for reconsidering its conclusion that the plaintiff's claims are Heck-barred. Dkt. No. 24 at 4-5.

The plaintiff now has filed another motion for reconsideration, dkt. no. 25, and a "motion of newly discovered evidence," dkt. no. 26. The motion for reconsideration is substantially similar to the plaintiff's previous motion for reconsideration, and the court will deny it for the reasons explained in its February 3, 2021 order.

The motion for newly discovered evidence does not identify any new evidence. It asserts that the plaintiff is the head of a sovereign state and that as the head of a sovereign state, he is immune from state prosecution. Dkt. No. 26 at 1-1. He moves to vacate all prior orders, asserting that his motion is timely under both Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60. Id. at 2. Because the motion does not identify any newly-discovered evidence that could not have been discovered earlier, the court will deny this motion.

The court understands that the plaintiff is dissatisfied with the court's decisions. The plaintiff has a remedy. He may appeal to the United States Court of Appeals for the Seventh Circuit by filing a notice of appeal in the district court (this court) within thirty days of this order. See Fed. R. App. P. 4(a)(1). The notice of appeal must list the plaintiff's name and the names of the defendants, must describe the order or judgment from which he is appealing and must state that the plaintiff is appeal to the Court of Appeals for the Seventh Circuit. See Fed. R. App. P. 3(c).

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 25.

The court **DENIES** the plaintiff's motion for newly discovered evidence. Dkt. No. 26.

Dated in Milwaukee, Wisconsin this 26th day of March, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**